CV 20-000313-HG-RT                                                          First Amended

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

A District of Hawaii

Division

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 17 2020

at 3 o'clock and 26 min. PM
MICHELLE RYNNE, CLERK

Case No. | First Amended CV20-000313-HG-RT
--- | ---
 | *(to be filled in by the Clerk's Office)*

|  |  |
|---|---|
| Tangee Renee Lazarus | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
|  | ) |
|  | ) |
| Hakim Ouansafi, Ryan Okahara, Janice Mizusawa, | ) |
| Stephanie Fo, Ioane Ah Sam, Jo Ann Takahashi, | ) |
| Curtis Kaneoka, Marisa Castagna | ) |
|  | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued.  If the* | ) |
| *names of all the defendants cannot fit in the space above, please* |  |
| *write "see attached" in the space and attach an additional page* |  |
| *with the full list of names.  Do not include addresses here.)* |  |

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

RECEIVED BY OVERNIGHT FILING

RECEIVED
CLERK, U. S. DISTRICT COURT

NOV 17 2020
3:26 PM
DISTRICT OF HAWAII

Mailed On
Date 4/18/20

CV 20 000313 - HG-RT

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)                    First Amended

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| Name | Tangee Renee Lazarus | | |
|---|---|---|---|
| Address | 1541 Kalakaua Avenue, #1012 | | |
| | Honolulu | HI | 96826 |
| | *City* | *State* | *Zip Code* |
| County | Honolulu | | |
| Telephone Number | (808) 367-4278 | | |
| E-Mail Address | tangeelazarus@live.com | | |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| Name | SEE ATTACHED DEFENDANT LIST | | |
|---|---|---|---|
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity      ☐ Official capacity

Defendant No. 2

| Name | | | |
|---|---|---|---|
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |

*First Amended*

CV20 00313 HG RT

### ***DEFENDANTS***

Hakim Ouansufi

Executive Director Hawaii Public Housing Authority (HPHA)

1002 North School Street

Honolulu City and County

 Hawaii, 96801

(808) 832-4694

hakim.ouansufi@hawaii.gov

Defendant is an individual and citizen of the state of Hawaii; he is sued in his official capacity

Ioane Ah Sam

Project Manager, Amp 34, Kalakaua Homes, Hawaii Public Housing Authority

1545 Kalakaua Avenue

Honolulu, City and County

 Hawaii, 96826

(808) 973-0922

ioane.ahsam@hawaii.gov

Defendant is an individual and a citizen of the state of Hawaii; sued in his individual capacity

Jo Ann Takahashi

Public Housing Specialist I, Kalakaua Homes, Hawaii Public Housing Authority

1545 Kalakaua Avenue, Management Office

Honolulu, City and County

Hawaii, 96826

(808) 973-0922

joann.takahashi@hawaii.gov

Defendant is an individual and a citizen of the state of Hawaii; she is sued in her individual capacity

Defendant List                          Lazarus vs. Ouansafi



CV20 00313 HG RT

Janice Mizusawa

Former Project Manager, Amp 34, Kalakaua Homes, Hawaii Public Housing Authority

1450 Young Street

Honolulu, City and County

Hawaii, 96814

(808) 949-1137

janice.mizusawa@hawaii.gov

Defendant is an individual and a citizen of the state of Hawaii and she is sued in her individual capacity


Marisa Castagna

Social Services Assistant, Project Amp 34, Kalakaua Homes, Hawaii Public Housing Authority

1545 Kalakaua Avenue

Honolulu, City and County

Hawaii, 96826

(808) 973-0913

marisa.castagna@hawaii.gov

Defendant is an individual and a citizen of the state of Hawaii and she is sued in her individual capacity


Stephanie Fo

Former Project Manager, Amp 34, Kalakaua Homes, Hawaii Public Housing Authority

1002 North School Street

Honolulu, City and County

Hawaii, 96801

(808) 832-4692

stephanie.fo@hawaii.gov

Defendant is an individual and a citizen of the state of Hawaii and she is sued in her individual capacity


Ryan Okahara

Honolulu Regional Manager, U.S. Department of Housing and Urban Development (HUD)


Defendant List                    Lazarus vs. Ouansafi

2b

First Amended

CV20 00313 HG RT

1132 Bishop Street, Suite 1400

Honolulu, City and County

Hawaii, 96813-4918

(808) 457-4662

HIWebmanager@HUD.gov

Defendant is an individual and a citizen of the state of Hawaii and he is sued in his individual capacity


Curtis Kaneoka

Public Housing Specialist I, Amp 34

1545 Kalakaua Avenue

Honolulu, City and County

Hawaii, 96701

(808) 973-0922

curtis.kaneoka@hawaii.gov

Defendant is an individual and a citizen of the state of Hawaii and he is sued in his individual capacity

2a

*First Amended*

E-Mail Address *(if known)* _____

☐ Individual capacity   ☐ Official capacity

**Defendant No. 3**

Name _____

Job or Title *(if known)* _____

Address _____

_____
City          State          Zip Code

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity   ☐ Official capacity

**Defendant No. 4**

Name _____

Job or Title *(if known)* _____

Address _____

_____
City          State          Zip Code

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity   ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fair Housing Act, the Freedom of Information Act, Title VI of the Civil Rights Act of 1964 (24 C.F.R. Part I), Section 504 of the Rehabilitation Act of 1973 (24 C.F.R. Part 8), the Sunshine Act, the Americans with Disabilities Act, Health Information Protection and Portability Act (HIPPA)

*First Amended*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

First Amendment--freedom of association, freedom of speech, Fourth Amendment--intrusion to illegally gather private info and use info publicly and offensively, and w/ police in violation of exclusionary rule, Fifth Amendment--due process, Fourteenth Amendment--Equal protection

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

All defendants have acted under color of state and federal law at all times relevant to this complaint. Defendant Ryan Okahara is a federal employee who works for the federal agency Housing and Urban Development, all other defendants worked for Hawaii Public Housing Authority, a state agency.  They all continue to work under color of law with the possible exception of Janice Okahara who might be retired at this time but was manager of Kalakaua Homes from approximately 2016-2019. Stephanie Fo was manager of Kalakaua Homes, as well as other sites 2019-2020 when Ioane Ah Sam took over as manager; Ah Sam is the current manager  Stephanie Fo appears to be working on special projects at this time but HPHA will not give information about her present position.  Jo Ann Takahashi and Curtis Kaneoka have been Public Housing Specialists since 2016 until the present.

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

The events occurred at 1541 Kalakaua Avenue, federally funded 20 floor apartment for elderly and people with disabilities, managed by Hawaii Public Housing Authority under the aegis of Housing and Urban Development.  Plaintiff has lived in this building since July 2014.  Prior to that, plaintiff lived in another building on the property, 1538 Kalakaua Avenue from Octorber 2013-June 30, 2014.

A.   Where did the events giving rise to your claim(s) occur?

The events occurred at 1541 Kalakaua Avenue, federally funded 20 floor apartment for elderly and people with disabilities, managed by Hawaii Public Housing Authority under the aegis of Housing and Urban Development.  Plaintiff has lived in this building since July 2014.  Prior to that, plaintiff lived in another building on the property, 1538 Kalakaua Avenue from Octorber 2013-June 30, 2014.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

See Attached "Location and Dates"   *p4a-4b*

*First Amended*

First Amended Complaint Lazarus vs. Ouansafi et Al (Location and Dates)

The events took place from 2016-2020 but can be seen as one transaction, that is, discrimination against plaintiff. August 01, 2016 was the beginning of the campaign initiated by management and carried out with the help of tenants to try to pressure plaintiff to leave Kalakaua Housing by spying on plaintiff, creating false reports of supposed wrongdoing, using tenants to attack plaintiff and burglarize her unit with impunity. August 01, 2016 Public Housing Staff (PHS) Jo Ann Takahashi and Curtis Kaneoka held a meeting with Chinese tenants who reported observations about tenant and tenants guests including information obtained by the neighbor in adjacent apartment who listened to plaintiff when she used her bathroom. Two version of the documentation were created, one version whited out references to Cantonese speaking police, Cantonese translators, Chinese names and illegal acts, such as recording information gained from intruding into plaintiff's private space. The other version of documents was complete, not redacted and plaintiff accessed these documents in 2019 over Takahashi's attempt to take plaintiff's file from the plaintiff, as seen in a video posted to YouTube.

In plaintiff's second look at her file in 2019, plaintiff discovered her permanent file contained allegations of prostitution, drug trafficking, and being involved with an "unexplained death" after a non-resident entered building and jumped to his death from the 19th floor. These allegations were based upon wrong information but when plaintiff asked Fo to correct the inaccuracies, Fo wrote the correction on a separate piece of paper that did not get entered into plaintiff's file. Plaintiff also saw documentation of Kaneoka calling the Honolulu Police Department to report tenant's observations about visits from "non-specific men" who instructed Kaneoka that plaintiff had done nothing wrong if there were no rules against gender of guests and visitation times. Curtis Kaneoka wrote in the "Log of Contact" that he "overheard" police talking and noted in plaintiff's file that the police said plaintiff had been arrested over 20 times. Kaneoka and Takahashi whited out Kaneok'as illegal notation but the full document was available in 2019.

Janice Mizusawa, who supervised Takahashi and Kaneoka had also emailed Ali'i Security and instructed them to keep a record of plaintiff's activities, claiming that Plaintiff was being watched by Honolulu Police Department. As a result of this communication, security staff were frequently rude to plaintiff and in the brief period when Kalakaua Homes attempted a modicum of security, plaintiff did not get the benefit of this temporary protection. Anyone who said they wanted to see plaintiff was allowed to violate the posted policy and they did not have to be rung in by plaintiff but were able to surprise plaintiff by showing up at her door. There were also notes in the security log of people who never went to plaintiff's apartment and security officers admitt

In a log of a meeting between plaintiff and Mizusawa and Takahashi on August 11, 2016, plaintiff noted that Takahashi made a notation "Chinese" when describing tenants who disliked plaintiff for no relevant reason. On December 25, 2018 plaintiff was punched by her neighbor and this assault was witnessed by a neighbor assisting plaintiff with cleaning. Manager Stephanie Fo convinced the witness to recant his statement by telling him plaintiff had complained about him breaking into her apartment and pressuring her for money at all hours. On May 29, 2019 a neighbor threw bleach on plaintiff who was recording the incident for personal reasons. In spite of the fact that the video was placed on YouTube and was publicly available, Stephanie Fo merely promised to arrange an eviction hearing for the bleach throwing assailant and the assailant who had punched plaintiff but she did nothing. Fo also refused to have plaintiff's reasonable accomodation of secured window locks

p 4a

*First Amended*

First Amended Complaint Lazarus vs. Ouansafi et Al (Location and Dates)

The events took place from 2016-2020 but can be seen as one transaction, that is, discrimination against plaintiff. August 01, 2016 was the beginning of the campaign initiated by management and carried out with the help of tenants to try to pressure plaintiff to leave Kalakaua Housing by spying on plaintiff, creating false reports of supposed wrongdoing, using tenants to attack plaintiff and burglarize her unit with impunity. August 01, 2016 Public Housing Staff (PHS) Jo Ann Takahashi and Curtis Kaneoka held a meeting with Chinese tenants who reported observations about tenant and tenants guests including information obtained by the neighbor in adjacent apartment who listened to plaintiff when she used her bathroom. Two version of the documentation were created, one version whited out references to Cantonese speaking police, Cantonese translators, Chinese names and illegal acts, such as recording information gained from intruding into plaintiff's private space. The other version of documents was complete, not redacted and plaintiff accessed these documents in 2019 over Takahashi's attempt to take plaintiff's file from the plaintiff, as seen in a video posted to YouTube.

In plaintiff's second look at her file in 2019, plaintiff discovered her permanent file contained allegations of prostitution, drug trafficking, and being involved with an "unexplained death" after a non-resident entered building and jumped to his death from the 19th floor. These allegations were based upon wrong information but when plaintiff asked Fo to correct the inaccuracies, Fo wrote the correction on a separate piece of paper that did not get entered into plaintiff's file. Plaintiff also saw documentation of Kaneoka calling the Honolulu Police Department to report tenant's observations about visits from "non-specific men" who instructed Kaneoka that plaintiff had done nothing wrong if there were no rules against gender of guests and visitation times. Curtis Kaneoka wrote in the "Log of Contact" that he "overheard" police talking and noted in plaintiff's file that the police said plaintiff had been arrested over 20 times. Kaneoka and Takahashi whited out Kaneok'as illegal notation but the full document was available in 2019.

Janice Mizusawa, who supervised Takahashi and Kaneoka had also emailed Ali'i Security and instructed them to keep a record of plaintiff's activities, claiming that Plaintiff was being watched by Honolulu Police Department. As a result of this communication, security staff were frequently rude to plaintiff and in the brief period when Kalakaua Homes attempted a modicum of security, plaintiff did not get the benefit of this temporary protection. Anyone who said they wanted to see plaintiff was allowed to violate the posted policy and they did not have to be rung in by plaintiff but were able to surprise plaintiff by showing up at her door. There were also notes in the security log of people who never went to plaintiff's apartment and security officers admittt

In a log of a meeting between plaintiff and Mizusawa and Takahashi on August 11, 2016, plaintiff noted that Takahashi made a notation "Chinese" when describing tenants who disliked plaintiff for no relevant reason. On December 25, 2018 plaintiff was punched by her neighbor and this assault was witnessed by a neighbor assisting plaintiff with cleaning. Manager Stephanie Fo convinced the witness to recant his statement by telling him plaintiff had complained about him breaking into her apartment and pressuring her for money at all hours. On May 29, 2019 a neighbor threw bleach on plaintiff who was recording the incident for personal reasons. In spite of the fact that the video was placed on YouTube and was publicly available, Stephanie Fo merely promised to arrange an eviction hearing for the bleach throwing assailant and the assailant who had punched plaintiff but she did nothing. Fo also refused to have plaintiff's reasonable accomodation of secured window locks

*p 46*

*First Amended*

First Amended Complaint Lazarus vs. Ouansafi et Al (Location and Dates)

installed. Plaintiff complained to HUD regional manager Ryan Okahara about inaction and he wrote a letter in which he declined to review plaintiff's file where the documents stated tenants were instructed to watch plaintiff. Okahara said he asked HPHA for a summary and based on that summary concluded no tenants or staff had been instructed to spy on plaintiff and keep records of the identity and frequency of guests because if that had happened that would be discrimination. Therefore, HUD admitted to discrimination because the documents exist but he refused to do an investigation. Before Stephanie Fo left as manager of Kalakaua, she filed a transfer request for plaintiff in the form of a reasonable accomodation and went into plaintiff's file to get the name of plaintiff's provider. Fo sent the Reasonable Accomodation request to the provider, with the explanation that plaintiff needed to move "to feel safe.' Fo also charged plaintiff with numerous false allegations and when plaintiff requested a grievance procedure Fo refused to allow plaintiff to file a grievance, stating plaintiff had not signed the grievance request, which is not in keeping with the grievance policy any way. The neighbor who had witnessed the neighbor punching plaintiff approached Plaintiff in December 2019 and told her in a video taped statement that Stephanie Fo told him that because Plaintiff had "Complained to the government about being abused by staff," the people in the agency that received plaintiff's complaint "did an investigation on plaintiff and found out she is a prostitute." This neighbor is not the only person to tell plaintiff that management has been spreading rumors about the plaintiff in order to pressure her to move out.

Plaintiff was continuously harassed by other residents who broke into her unit, threw glass outside of her unit, neighbors calling plaintiff the "N" word (again on video staff witnessed, and delivered roaches to plaintiff outside of her unit from the roach infestation that the bleach throwing neighbor has had for years in spite of the dangers roaches pose to respiratory health in the midst of a global pandemic. Castagna said they "know how bad the roaches are but she won't let us [management] into her unit so there is nothing we can do."

Ioane Ah Sam and his assistant, Marisa Castagna repeatedly urge Plaintiff to put her concerns about the roach infestation in writing but refuse to act on that or on the dangers to plaintiff. Like Stephanie Fo, Ioane Ah Sam refused to initiate disciplinary procedures against the next door neighbor who listened to plaintiff's bathroom, when on March 13, 2020 he attacked her, on video posted to YouTube, with a bleach soaked mop, while shouting in Cantonese, "I will hit you with this stick until you are dead." Castagna and Ah Sam carried on the pattern of practice of creating a false image of plaintiff as a threat to the building by issuing a violation for putting glass by her window to try to deter burglars, never denying the chronic break-ins that happen with management blessing and perhaps instruction. Management did not move the two assailants but offered the plaintiff a spot in another housing project in spite of the fact that plaintiff was working at Hilton Hawaiian Village, a 4 minute bike ride away. According to HUD's own rules the victims are not supposed to be moved but it is HUD that is supposed to affirmatively foster policies that promote inclusion and combat bullying. .

*4c*

*First Amended*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

C.   What are the facts underlying your claim(s)?  *(For example: What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

Jo Ann Takahashi and Curtis Kaneoka met with a group of tenants to record observations about the identity and frequency of the plaintiff's guests, August 01, 2016, 09:26 a.m..Curtis Kaneoka called Honolulu Police Department to report the observations about the plaintiff's guests. HPD confirmed that plaintiff is the lease holder for the unit and there are no rules regarding the identity of guests or specific visitation times.  Curtis Kaneoka recorded information he overheard about the plaintiff's arrest record, August 02, 2016, 10:00 a.m. Janice Mizusawa emailed Ali'i security to inform them that the police had been informed about plaintiff's guests and they were to increase supervision of the plaintiff and log her activities, August 03, 2016. Janice Mizusawa wrote a violation for the plaintiff citing prostitution and drug trafficking and set a time to meet with the plaintiff and inspect plaintiff's unit and this meeting and inspection was documented on August 11, 2016.  In the meeting notes written by defendant Takahashi, Takahashi made a parenthetical notation that the neighbors were "Chinese," and "tenants will be asked for future observations." Plaintiff was punched by neighbor Y.S. Chong on December 25, 2018 which was witnessed by S. Rosario. Plaintiff was attacked with bleach by S.Tautua on May 29, 2019 and the link is https://youtu.be/Oxin5OuUR-U. Ryan Okahara sent a letter dated September 07, 2019 in which he wrote it was "confirmed that two incidents occurred" and that HUD was "awaiting a response from HPHA to provide the date[s] of the eviction hearing[s]" and that based on the evidence provided by HPHA "no staff or residents were asked or encouraged to spy on you, colect information about the identityu and frequecy of guests, or discriminate against you in any way" after HPHA reviewed plaintiff's file.July 30, 2019 the Compliance Office received a Reasonable Accomodation request to transfer for Tangee Lazarus that was actually written by Stephanie Fo without plaintiff's knowledge. In response to "why do you need this change?" Fo wrote "To feel safe." Lazarus received Fo's written request from her provider Alissa Geno. Plaintiff received the RA approval from the Compliance Office dated 08/22/2019 without the explanation "to feel safe." Plaintiff was assaulted by neighbor YS. Chong on March 13, 2020, https://youtu.be/CqaV-6d-hFw. June 01, 2020 Plaintiff receives approval to transfer to a project close to Waipahu, with instructions to return acceptance form to Takahashi. February 5, 2020 Castagna and Ah Sam wrote a violation threatening eviction due to dust and steps Plaintiff took to discourage burglars. June 5, 2020 Castagna gave plaintiff a partial record of her file due to confidentiality according to Ah Sam.

IV.   **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*SEE P. 6*

*5*   Page 5 of 7

*CV 20-000313 -H 6-RT*

*First Amended*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)   *Injuries*

Plaintiff has a small scar on her left cheekbone as a result of the attack with the bleach soacked mop by Y.S. Chong on March 13, 2019. The primary damages are trauma related. In addition to being attacked by neighbors, management has demonstrated a willingness to look the other way, and perhaps even encouraged the attacks. Plaintiff feels an direct increase in anxiety and fear as a direct result of the increase in severity and frequency of assaults against her person and character. Plaintiff feels humiliated as a result of the private and often erroneous information management has shared in her file with subsequent staff and the misinformation spread by management to other tenants. Plaintiff has been denied the peacable enjoyment of her unit since tenants know that they can mistreat plaintiff without consequences. Plaintiff fears for her health due to the omnipresent roach infestation on her floor and plaintiff is disgusted when the assailant uses the bodies of dead and dying roaches to form piles of insects outside of plaintiff's door. Assailant also throws food outside of plaintiff's unit and glass, and all of plaintiff's complaints fall on deaf ears. Plaintiff is humiliated having to take complaints to people who demonstrate their indifference but has no choice because without the documentation no one will believe plaintiff. Plaintiff, who already had PTSD, feels increasingly paranoid as she wonders if anyone in the power structure will care about the violation of her rights. Plaintiff continues to live on the same floor as two tenants who assaulted her and never experienced consequences. At this time one of the tenants brags about entering plaintiff's unit since plaintiff has been denied the implementation of her approved reasonable accomodation for secured windows. Plaintiff had thought these racial issues were resolved and feels it might be hopeless to think she will stop being punished for existing.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Compensatory damages are ordinarily low for housing discrimination cases and this expectation of a low return has made it impossible for plaintiff to find an attorney. Plaintiff respectfully requests that the Court send a message. Discrimination, retaliation, intrusion, denial of access to government records, HIPPA violations in contacting plaintiff's therapist, breaches of confidentiality in sharing observations about plaintiff and revealing to witness plaintiff had submitted a complaint about his strong arm tactics, denial of due process in handling plaintiff's grievances, unequal application of protections guaranteed by law--all of these have gone unchecked at Kalakaua Homes because there are no consequences for bad behavior. No one who has seen the videos believes that the plaintiff would still have an apartment if she was recorded assaulting anyone. If the court agrees that a blatant double standard is in place the Court will agree to allow HUD's 2020 Civil Monetary Penalties inform a punitive judgement. Plaintiff respectfully requests a punitive judgement based upon the figure of $107,050 based upon the civil monetary penalty HUD imposes for two or more violations of the Fair Housing Act, to be imposed upon defendants Mizusawa, Takahashi, Kaneoka, Ah Sam, Castagna, Okahara, and Fo
Plaintiff requests $2000 for compensatory actions.
 Plaintiff requests injunctive relief from defendant Ouansafi by asking the Court to order HPHA to follow its own procedures to deal with the roach infestation on the 10th floor of 1541 Kalakaua Housing due to the particular risk posed by roaches during the global COVID-19 pandemic.
Grant such other relief as it may appear that plaintiff is entitled

CV 20 -000313 -HG-Rt

First Amended

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       : /s/Tangee Renee Lazarus

Signature of Plaintiff        /s/Tangee Renee Lazarus

Printed Name of Plaintiff     Tangee Renee Lazarus

### B.   For Attorneys

Date of signing:       _____

Signature of Attorney         _____

Printed Name of Attorney      _____

Bar Number                    _____

Name of Law Firm              _____

Address                       _____

                              _____
                              City            State      Zip Code

Telephone Number              _____

E-mail Address                _____